IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LYDIA BLACKWELL, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 2:12-cv-03155

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 48] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). The plaintiffs have not responded, and this motion is ripe. As set forth below, Ethicon's Motion is **GRANTED** in its entirety and the plaintiffs' claims against Ethicon are **DISMISSED with prejudice**.

I.    Background

This action involves Louisiana co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon. Am. Short Form Compl. [ECF No. 18] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary

incontinence ("SUI"). In the seven MDLs, there are more than 50,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 210, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Dec. 18, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 3 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the

court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

Despite being given a chance to do so, the plaintiffs failed to respond, and the court, accordingly, considers the Motion for Summary Judgment as an unopposed Motion. A court does not, however, automatically grant an unopposed motion for summary judgment. *See* Fed. R. Civ. P. 56(e). The Fourth Circuit has directed:

> [I]n considering a motion for summary judgment, the district court "*must* review the motion, even if unopposed, and determine from what it has before

> it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993) (emphasis added). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion," the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. *Id.*

*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

### B. Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Blackwell underwent TVT implantation surgery in Louisiana. Thus, the choice-of-law principles of Louisiana guide the court's choice-of-law analysis.

Under Louisiana law, a tort claim "is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied" to the claim. La. Civ. Code Ann. art. 3542 (listing factors such as place of injury, residence of parties, and the state in which the relationship between parties was centered to determine the appropriate state law). The plaintiffs are residents of Louisiana, Ms. Blackwell was implanted with the product at issue in Louisiana, and her alleged

4

injuries and follow-up care occurred in Louisiana. Accordingly, I will apply Louisiana's substantive law to this case.

## III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A. Claims Abrogated by the Louisiana Products Liability Act

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." La. Rev. Stat. § 9:2800.52; *see Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997) ("Louisiana law eschews all theories of recovery . . . except those explicitly set forth in the LPLA.") (applying Louisiana law). Following are claims that fall outside of the LPLA and have been abrogated by courts applying Louisiana law: Count I (negligence), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), and Count XV (unjust enrichment). Accordingly, Ethicon's Motion regarding these claims is **GRANTED**.

### B. Defective Product

Louisiana does not recognize a claim for "defective product." Instead, state law recognizes four ways to show a product is defective: it must be unreasonably dangerous (1) in construction or composition; (2) in design; (3) because of inadequate warning; or (4) because of nonconformity to an express warranty. *See* La. Rev. Stat. § 9:2800.54(B). Accordingly, Ethicon's Motion as to Count IV (strict liability—defective product) is **GRANTED**.

### C. Failure to Prove Causation on LPLA Claims

"Louisiana imposes liability on the manufacturer of an unreasonably dangerous product when the characteristic of that product, which renders it unreasonably dangerous, proximately causes the complained of injuries." *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994) (applying Louisiana law); *see* La. Rev. Stat. § 9:2800.54(A). The burden is on the plaintiffs to prove causation through expert medical testimony. *Wheat*, 31 F.3d at 342; *see Johnson v. E.I. DuPont deNemours & Co.,* 7 So. 3d 734, 740 (La. Ct. App. 2009) ("When a conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required in a tort action."). Having failed to designate any general or specific causation experts in this matter, the plaintiffs have failed to meet their burden of proving that a defect in Ms. Blackwell's TVT caused her alleged injuries. Accordingly, Ethicon's Motion as to Count II (strict liability – manufacturing defect), Count III (strict liability – failure to warn), Count V (strict liability – design defect), and Count XI (breach of express

6

warranty) is **GRANTED**.

### D. Remaining Claims

Because summary judgment has been granted on all substantive theories of liability, the plaintiffs' remaining claims must also be dismissed, as they are either derivative of the substantive claims or not themselves independent causes of action. Accordingly, summary judgment as to Count XVI (loss of consortium), Count XVII (punitive damages), and Count XVIII (discovery rule and tolling) is **GRANTED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 48] is **GRANTED** in its entirety and the plaintiffs' claims against Ethicon are **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 6, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE